**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-1448**

———————————

TELETHIA BARRETT; G. B.,

Plaintiffs - Appellants,

v.

BOARD OF EDUCATION OF JOHNSTON COUNTY, NC; DR. EDWARD CROOM;
SHELLY MARSH; KEITH BEAMON; CHRIS GODWIN; ROBIN HERRIDGE;
JANET LEBO; LINDA EDMUNDSON; CHRISTY TURNER; SHELLEY
SIEGERT; ANNA GARDNER,

Defendants - Appellees.

———————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle,
District Judge. (5:13-cv-00668-BO)

———————————

Submitted: October 28, 2014          Decided: November 6, 2014

———————————

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Robert C. Ekstrand, Stefanie A. Smith, EKSTRAND & EKSTRAND LLP,
Durham, North Carolina, for Appellants. Jill R. Wilson, Robert
J. King, III, Julia C. Ambrose, BROOKS, PIERCE, MCCLENDON,
HUMPHREY & LEONARD, LLP, Raleigh, North Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Telethia Barrett, and her minor daughter, G.B., appeal the district court's judgment granting the Appellees' motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim. We affirm.

We review de novo a district court's order granting a motion to dismiss for failing to state a claim. Waugh Chapel S., LLC v. United Food & Commercial Workers Union, 728 F.3d 354, 361 (4th Cir. 2013). The facts in the complaint are viewed in the light most favorable to the plaintiffs. McCauley v. Home Loan Inv. Bank, F.S.B., 710 F.3d 551, 554 (4th Cir. 2013). However, we need not accept the plaintiffs' legal conclusions regarding those facts. Id. The plaintiffs' factual allegations "must be enough to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 543 (4th Cir. 2013) (internal quotation marks and alterations omitted). In other words, the plaintiffs must demonstrate "more than 'a sheer possibility that a defendant has acted unlawfully.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The plaintiffs must "articulate facts, when accepted as true, that show that the plaintiff[s have] stated a claim

entitling [them] to relief." <u>Id.</u> (internal quotation marks omitted and alterations added).

The Board, for purposes of a civil rights lawsuit under § 1983, is indistinguishable from a municipality. <u>Riddick v. Sch. Bd. of City of Portsmouth</u>, 238 F.3d 518, 522 n.3 (4th Cir. 2000). The Board cannot be liable simply for employing a tortfeasor. <u>Id.</u> at 522. As there is no respondeat superior liability under § 1983, <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978), "[t]o hold a municipality (a local government entity) liable for a constitutional violation under § 1983, the plaintiff must show that the execution of a policy or custom of the municipality caused the violation." <u>Love-Lane v. Martin</u>, 355 F.3d 766, 782 (4th Cir. 2004). "Municipal policy may be found in written ordinances and regulations, in certain affirmative decisions of individual policymaking officials, or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens." <u>Carter v. Morris</u>, 164 F.3d 215, 218 (4th Cir. 1999) (citations omitted). Outside of formal decisionmaking channels, a "municipal custom may arise if a practice is so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." <u>Id.</u> (internal quotation marks omitted). The Board may also be liable if the alleged

violation was caused by an individual's official actions that may be found to represent the Board's official policy. <u>Riddick</u>, 238 F.3d at 522-23. But the individual must possess final authority to establish municipal policy with respect to the action ordered. <u>Id.</u> at 523.

We conclude that the Appellants' claims against the Board of Education of Johnson County, North Carolina ("Board"), fail because the Appellants failed to make sufficient factual allegations that move the claims from conceivable to plausible. There were no factual allegations showing that the Board had a policy, custom, or practice that led to the alleged violations. The Appellants merely expressed a belief or an opinion without any supporting factual allegations. The Appellants also failed to identify with factual allegations that any of individual defendants had final authority to establish municipal policy with respect to the actions ordered. For the same reason, the Appellants failed to show that the Board engaged in deliberate indifference to their rights or that it had a persistent and widespread practice that led to the alleged violations.[*]

---

[*] Assuming, arguendo, that the Appellants brought a stand-alone claim under 42 U.S.C. § 2000d (2012), we conclude that they failed to state a claim.

4

Regarding the individual defendants, while the district court found that they were entitled to qualified immunity, we affirm based on our conclusion that the Appellants failed to plead sufficient facts showing that the individual defendants violated the Appellants' rights. We may affirm for any reason appearing on the record. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). The Appellants failed to identify who allegedly excluded G.B. from the Board's programs, and who was responsible for the alleged abuse. In the complaint, the Appellants failed to allege which defendant was responsible for which violation, sometimes pleading that all the defendants were responsible. This global manner of pleading made the claims at issue less plausible because some of the individual defendants had no reason to have known or interacted with the Appellants at the time of the alleged violations.

Regarding the direct claim brought under North Carolina's constitution, we affirm for the reasons cited by the district court. See, e.g., Edwards v. City of Concord, 827 F. Supp. 2d 517 (M.D.N.C. 2011) (plaintiff's state law claim that defendant in his individual capacity committed an intentional tort was an adequate remedy). Because no claims survived the Appellees' motions to dismiss, the court properly dismissed the claim for punitive damages.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED