**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-7737**

─────────────

CHAD EDWIN LANGFORD,

        Plaintiff - Appellant,

v.

HECTOR JOYNER, Warden FCI Estill; UNKNOWN ASSISTANT HEALTH
SERVICES ADMINISTRATOR, FCI Estill; MS. CHAMBERS; MS. BOATRIGHT; MS.
LLOYD; MR. MIDOCK; JOHN DOE, employee of FCI Estill in his individual capacity;
RICHARD DOE, employee of FCI Estill in his individual capacity; RICHARD ROE,
employee of FCI Estill in his individual capacity,

        Defendants - Appellees.

─────────────

Appeal from the United States District Court for the District of South Carolina, at
Orangeburg.  Timothy M. Cain, District Judge.  (5:21-cv-00811-TMC)

─────────────

Argued:  January 27, 2023                                    Decided:  March 2, 2023

─────────────

Before WYNN, THACKER, and RICHARDSON, Circuit Judges.

─────────────

Affirmed by published opinion.  Judge Wynn wrote the opinion, in which Judge Thacker
and Judge Richardson joined.

─────────────

**ARGUED:**  Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South
Carolina, for Appellant.  Kathleen Michelle Stoughton, OFFICE OF THE UNITED
STATES ATTORNEY, Columbia, South Carolina, for Appellees.  **ON BRIEF:**  Corey F.

2

Ellis, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellees.

———————

WYNN, Circuit Judge:

Chad Langford, represented by counsel, brought a single-count complaint alleging deliberate indifference to his serious medical needs on the part of multiple Defendants, all officials at the federal prison where he was incarcerated. The district court dismissed the complaint. Because Langford failed to plausibly allege deliberate indifference on the part of *each* Defendant, we affirm.

I.

We recount and accept as true the facts alleged in the complaint. *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).

In March 2018, Langford was incarcerated at FCI Estill federal prison in South Carolina. On March 20, he experienced abdominal pain, nausea, and vomiting. He was transported from FCI Estill to an outside hospital, Hampton Regional Medical Center ("HRMC"), for evaluation and testing. The results were deemed "unremarkable," and Langford was returned to FCI Estill. J.A. 7.[1]

From March 20 through March 28, Langford's health grew progressively worse. During this time, he "continually brought to the attention of the Defendants . . . that his condition was worsening, that he was suffering acute and excruciating pain and feared he was dying." J.A. 7. He could "barely walk" and, with the assistance of other inmates and in a wheelchair, was "repeatedly" brought to the FCI Estill medical offices where he was

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

"refused treatment or even an examination of his physical condition" even though "his worsening medical condition was obvious from his physical appearance." J.A. 7. He also spent most of the rest of his time "immobile in the showers because of his uncontrollable diarrhea." J.A. 7. Ultimately, on March 28, a substitute physician observed Langford in the medical waiting area, ordered an examination, and sent him back to HRMC for emergency surgery. Langford was diagnosed with an abdominal infection due to a small bowel obstruction. He remained at HRMC for several weeks after surgery and alleges permanent injury as a result.

In March 2021, Langford, with the assistance of counsel, filed the present complaint bringing a single count under the Eighth Amendment pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants are officials at FCI Estill, including Hector Joyner, a former warden; Alexis Chambers and Jade Lloyd Lee, nurses; Felicia Boatright, a case manager; and Steven Midock, a former unit manager, as well as several unidentified officials.[2]

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In October 2021, the district court granted Defendants' motion and dismissed the complaint. Langford timely appealed.

## II.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[2] Except for the warden, the full names and positions for the other Defendants were provided by Defendants in their motion to dismiss, not by Langford in his complaint.

R. Civ. P. 8(a)(2). The Supreme Court has clarified that this means a complaint, to survive a motion to dismiss, must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A Rule 12(b)(6) motion to dismiss tests only 'the sufficiency of a complaint.'" *Mays*, 992 F.3d at 299 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). The district court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.* However, the court need not accept "legal conclusions," "[t]hreadbare recitals of the elements of a cause of action," or "conclusory statements." *Iqbal*, 556 U.S. at 678. We review the grant of a motion to dismiss de novo. *Mays*, 992 F.3d at 299.

Here, Langford alleges deliberate indifference to his serious medical needs under the Eighth Amendment. "An Eighth Amendment claim for deliberate indifference to serious medical needs includes objective and subjective elements." *Id.* at 300 (citing *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014)). "The objective element requires a 'serious' medical condition." *Id.* (quoting *Jackson*, 775 F.3d at 178). This prong is not at issue here; Defendants concede that Langford has pled a serious medical condition in the form of his small bowel obstruction and related complications.

Rather, this case turns on the subjective element. The subjective prong requires the prison official to have acted with a "sufficiently culpable state of mind," specifically, "deliberate indifference" to inmate health. *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In turn, "deliberate indifference" requires that the prison official have "actual

5

subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* (quoting *Jackson*, 775 F.3d at 178).

Defendants argue that Langford's "generalized, conclusory, and collective allegations" fail to plausibly allege deliberate indifference on the part of each Defendant. Response Br. at 13. We are constrained to agree.

The problem with this matter arises from the manner of the pleading. The complaint makes only collective allegations against all "Defendants," without identifying how each individual Defendant personally interacted with Langford or was responsible for the denial of his Eighth Amendment rights. Courts have been critical of complaints that "fail[] to isolate the allegedly unconstitutional acts of each defendant," *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008), or that "make[] only categorical references to 'Defendants,'" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012).

The courts have reasoned that requiring specific factual allegations for each defendant gives fair notice to *that* defendant of the plaintiff's claim and the underlying factual support. *See, e.g.*, *Robbins*, 519 F.3d at 1250 ("Given the complaint's use of . . . the collective term 'Defendants' . . .  it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *Marcilis*, 693 F.3d at 596–97 (collecting cases). That reasoning is consistent with *Bivens* liability, which is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). The Supreme Court has made clear that to state a plausible *Bivens* claim, "a plaintiff must plead that *each* Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556

U.S. at 676 (emphasis added). Applied to his Eighth Amendment *Bivens* claim, then, Langford needed to plead sufficient facts to plausibly allege that each Defendant actually knew about his serious medical condition and the risks of failing to treat him.

But even accepting the facts as true and drawing all reasonable inferences in Langford's favor, he failed to meet this standard. In his complaint, Langford did not identify who the Defendants are beyond being employees at FCI Estill, in what capacity each Defendant interacted with Langford, or how (or even if) each Defendant was responsible for Langford's medical treatment.

Rather, the allegations are general. Langford alleges that he brought to the attention of "the Defendants," without specifying which ones, that his health was worsening. J.A. 7. Likewise, he says he was "refused treatment," but again does not say by which Defendant. J.A. 7. He alleges that he was "immobile in the showers" because of his deteriorating health, but does not identify which, if any, of the Defendants was aware of this or even saw him in the showers. J.A. 7. He concludes by claiming "Defendants acted with culpable and deliberate indifference to [his] medical condition." J.A. 9. But these are the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "legal conclusions" that are insufficient to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

On appeal, Langford argues that the repeated general references to "Defendants" in his complaint are sufficient because he brings the same allegations against each Defendant, so "Defendants" functions as a shorthand alternative to listing each Defendant by name. But Langford has the burden of pleading a facially plausible claim. *Iqbal*, 556 U.S. at 678.

7

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the* defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556) (emphasis added). And it is not reasonable to infer liability against each Defendant based on the facts alleged.

This is especially the case with the nonmedical Defendants (the warden, case manager, and unit manager), where Langford's "global manner of pleading" makes his claim against those Defendants "less plausible because some of the individual defendants had no reason to have known or interacted with [Langford] at the time of the alleged violations." *Barrett v. Bd. of Educ. of Johnston Cnty.*, 590 F. App'x 208, 211 (4th Cir. 2014) (per curiam); *see SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015) (in antitrust case, criticizing attempt to "assemble some collection of defendants and then make vague, non-specific allegations against all of them as a group"), *as amended on reh'g in part* (Oct. 29, 2015). For example, shorn of facts alleging otherwise, we cannot reasonably infer that the warden saw Langford in the medical offices or personally denied him treatment. And the complaint is otherwise devoid of allegations that these particular Defendants were aware of Langford's poor health or the risks of failing to treat him. If anything, the opposite is true: the complaint acknowledges that Langford was sent to an outside hospital on March 20 after complaining of abdominal pain and nausea, which produced "unremarkable" test results. J.A. 7.

Even with the medical Defendants—the two nurses—there are no allegations that either nurse treated or refused to treat Langford, saw him in the FCI Estill medical offices during the relevant time, or was even working on the days in question. Indeed, outside of

8

the case caption and a single paragraph identifying the parties, no Defendant is specifically mentioned by name in the complaint. And only a single paragraph in the factual allegations section of the complaint even employs the collective term "Defendants," in which Langford merely states he "continually brought to the attention of the Defendants" that his health was worsening. J.A. 7.

We do not categorically foreclose the possibility that a complaint that makes allegations collectively against "Defendants" may sometimes survive a motion to dismiss. After all, determining whether a complaint states a plausible claim for relief is a "context-specific task." *Iqbal*, 556 U.S. at 679. Similarly, the use of "John Doe" or "Jane Doe" where a plaintiff does not know the actual name of a defendant prior to discovery may be acceptable, so long as the complaint contains sufficient factual allegations as to that defendant to state a plausible claim. We simply hold that, as pled, this complaint falls short.

In sum, we are mindful of the fact that, at this early stage in the litigation, a plaintiff will not come to court fully armed with the requisite facts to prove their case. For that reason, we do not require a complaint to contain "detailed factual allegations." *Twombly*, 550 U.S. at 555. But we do require sufficient facts to allow the court to infer liability as to *each* defendant. *Iqbal*, 556 U.S. at 676. This is baked into Rule 8's requirement that the complaint "show" the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a); *accord Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alterations omitted) (quoting Fed. R. Civ. P. 8(a))).

9

On the facts as alleged in this case, Langford has failed to adequately plead that each Defendant was aware of his medical condition and aware of the risks of failing to treat him, as required to state a plausible Eighth Amendment *Bivens* claim.

III.

For the foregoing reasons, we must affirm the district court's grant of Defendants' motion to dismiss.

*AFFIRMED*

10